IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Antione S. Lee, | : | |
| Plaintiff | : | Civil Action 2:13-cv-00090 |
| v. | : | Judge Marbley |
| Sergeant Joe Meyers, | : | Magistrate Judge Abel |
| Defendant | : | |

**INITIAL SCREENING
REPORT AND RECOMMENDATION**

Plaintiff Antione S. Lee, an inmate at Chillicothe Correctional Institution, brings this prisoner civil rights action under 42 U.S.C. §1983. This matter is before the Magistrate Judge for a Report and Recommendation on initial screening of the complaint pursuant to 28 U.S.C. §1915A(a) and (b)[1] and 42 U.S.C. §1997e(c) to identify

---

[1]The full text of §1915A reads:

(a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for Dismissal.--On review the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

cognizable claims, and to dismiss the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  The Magistrate Judge finds that the complaint fails to state a claim upon which relief may be granted and therefore **RECOMMENDS** dismissal of the complaint.

The complaint alleges that plaintiff was subject to discrimination and cruel treatment by defendant Meyers. The complaint alleges that on September 27, 2012 defendant Meyers placed plaintiff's locker box on a dolly and removed it from his bed and placed it near the unit door. On October 5, 2012, plaintiff was told by correctional officers to take his locker box to an empty bed. Defendant Meyers required plaintiff to provide a urine sample based on inmate reports that plaintiff was drunk. When defendant Meyers put his locker box in front of the unit door, other inmates laughed at him and made derogatory comments. Defendant Meyers lied when he said that the locker box slid out of his hands. The complaint further alleges that Meyers lied when he stated that he viewed plaintiff dancing naked and putting on his underwear.

---

       (2) seeks monetary relief from a defendant who is immune from such relief.

      (c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentence for, or adjudicated delinquent for, violations of criminal law or terms and conditions of parole, probation, pretrial release, or diversionary program.

Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The United States Supreme Court held in *Erickson v. Pardus*, 551 U.S. 89, 93 (2007):

> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.': *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555, 127 S.Ct. 1955 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

Moreover, *pro se* complaints must be liberally construed. *Erickson*, 551 U.S. at 94; *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). Nonetheless, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' *Twombly,* 550 U.S. at 570." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).

The allegations that plaintiff was forced to give a urine sample and that Meyers lied about seeing plaintiff dancing are not actionable. There is no allegation that Lee was, in fact, disciplined. Even if he were, the conduct fails to state a claim for relief because disciplinary, or punitive, segregation is generally defined as the confining of an inmate, after the holding of a hearing, as punishment for the commission of an infraction. The affected inmate will not be found to have suffered the loss of a Fourteenth Amendment liberty interest unless placement in disciplinary confinement is accompanied by a withdrawal of good-time credits or is for a significant period of time that presents an unusual hardship on the inmate. *See*, *e.g.*, *Sandin v. Conner*. 515 U.S. 472, 485-86 (1995). Plaintiff also alleges that other inmates laughed at him and made

3

derogatory comments as a result of defendant's conduct. Verbal abuse or harassment is not actionable. *Ivey v. Wilson,* 832 F.2d (6th Cir. 1987).

Accordingly, it is hereby **RECOMMENDED** that the complaint be **DISMISSED** for failure to state a claim under 42 U.S.C. §1983.

**IT IS FURTHER ORDERED** that the United States Marshal serve upon each defendant named in part III, B and C of the form civil rights complaint a summons, a copy of the complaint, and a copy of this Order.  Defendant is not required to answer the complaint unless later ordered to do so by the Court.

The Clerk of Court is DIRECTED to mail a copy of this Order to the Attorney General of Ohio, Corrections Litigation Section, 150 East Gay St., 16th Floor, Columbus, OH  43215.

The Clerk of Court is DIRECTED to remove my January 31, 2013 Initial Screening Report and Recommendation from the pending motions list (doc. 5) because it does not concern the allegations against defendant Meyers.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District

Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

<u>s/Mark R. Abel</u>
United States Magistrate Judge
